COMMONWEALTH *vs.* MICHAEL CALLAHAN. December 3, 1970. The sole question properly before us on this appeal from a conviction of rape following a trial subject to G. L. c. 278, §§ 33A–33G, is whether the judge committed reversible error in permitting a witness for the Commonwealth, in circumstances to be stated, to explain a record of conviction which had been introduced in evidence by defence counsel to impeach the credibility of the witness under G. L. c. 233, § 21. The general rule is that a record of conviction must be left unexplained. The rule is founded on expediency, the avoidance of prolonged inquiry into a collateral matter. The guilt or innocence of the witness obviously cannot be retried. Holmes, J. in *Lamoureux* v. *New York, N. H. & H. R.R.* 169, Mass. 338, 340. Upon an offer of the record of conviction, questions should be limited to establishing the identity of the witness with the person named in the record of conviction. In the case before us the record of conviction was for using a motor vehicle without authority. The question first asked by defence counsel was not sufficiently guarded to restrict a responsive answer to the issue of identity with the result that the witness asserted that the charge was inaccurate. She made the further response to another question dealing with the substance of the record that she was a passenger in the vehicle. On redirect examination the assistant district attorney over objection and exception was permitted to ask the witness to tell "what happened" when she was arrested. There was no error. As was explicitly stated in the *Lamoureux* case, *supra*, "if one side goes into the [collateral] matter, the other must be allowed to also." The judge brought the collateral examination quickly to an end. There was no error.

*Judgment affirmed.*

*Harriet A. Verbin* (*Reuben Goodman* with her) for the defendant.
*Robert J. Glass*, Special Assistant District Attorney, for the Commonwealth.