COMMONWEALTH *vs.* JAMES J. LENO.

Middlesex. February 13, 1978. — March 29, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Evidence,* Prior conviction, Judicial discretion.

A judge's determination to admit a defendant's records of prior convictions under G. L. c. 233, § 21, solely for the purpose of impeachment is not subject to appellate review where the prior convictions involve events unrelated to those on which the current prosecution is based. [717-718]

There was no basis in the record of a rape trial for the defendant's assertion of special prejudice inherent in admitting evidence under G. L. c. 233, § 21, of his prior conviction of a similar sex crime. [718]

At a rape trial, limiting instructions to the jury were not incapable of curing the prejudice to which the defendant was subjected by the admission under G. L. c. 233, § 21, of evidence of his prior convictions for a similar sex crime. [718-719]

INDICTMENT found and returned in the Superior Court on January 14, 1976.

The case was tried before *J. P. Sullivan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*J. Russell Hodgdon* for the defendant.

*Dennis J. Baker*, Legal Assistant to the District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of rape and assault with intent to rape. He challenges the admission against him, for impeachment purposes, of records of his prior convictions of kidnapping and rape, arguing that their admission denied him a fair trial. Records of prior convictions are admissible for impeachment purposes under G. L. c. 233, § 21. We recently have discussed and rejected a somewhat similar challenge to G. L. c. 233, § 21, involving an assertion of denial of due process of law. *Commonwealth* v. *Chase*, 372 Mass. 736, 749-751 (1977) (defendant, previously convicted of murder, declined to testify at his murder trial, asserting the unfair, inhibitory effect of G. L. c. 233, § 21). We have found a rational basis for the admission for impeachment purposes of a prior conviction. *Commonwealth* v. *Sheeran*, 370 Mass. 82, 88-89 (1976). We see no occasion to change our view. We affirm the judgments.

Although the statute leaves no discretion in the judge on the admissibility of records of those prior convictions which are described in the statute (*Commonwealth* v. *West*, 357 Mass. 245, 248 [1970]), and, although we have not accepted constitutional arguments advanced against the statute in particular cases, we have noted that the judge has the right "to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense." *Commonwealth* v. *Chase, supra* at 750. We have also urged that the Legislature consider "the undesirability of applying the statute in particular instances . . . ." *Id.* at 751. See *Commonwealth* v. *Delorey*, 369 Mass. 323, 331 (1975) (Hennessey, J., concurring); *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 683 (1974) (Hennessey, J., concurring). However, in the ordinary case, where as here the prior convictions involve events unrelated to those on which the current prosecution is based, the problem is not one of constitutional dimensions, and the judge's determination to admit records of prior convictions

solely for the purpose of impeachment is not subject to appellate review.[1]

The defendant argues that, where both the present charge and a prior conviction relate to sex crimes, there are special inherent hazards in permitting the jury to learn of the prior conviction. The claim is that there is a general feeling, which the jury will share, that there is a higher rate of recidivism among sex offenders than among other criminals. The defendant's carefully prepared brief points out that we have not previously considered the question of the admissibility of evidence of a prior conviction of a sex crime for the purposes of impeaching a defendant in a subsequent trial also involving a sex crime.[2] However, the defendant offered no evidence before the judge to prove any special prejudice inherent in evidence of his prior conviction of a similar sex crime. We see no basis for accepting the defendant's assertions on this record. It is not a matter of which we could take judicial notice.

The defendant also argues that limiting instructions to the jury were incapable of curing the prejudice to which he was subjected by the admission of evidence of his prior convictions. Although there are situations in a criminal trial where the prejudice to the defendant is so great that limiting instructions cannot be an adequate protection against improper use of evidence (see, e.g., *Bruton* v. *United States,* 391 U.S. 123, 135-137 (1968]), we do not regard this case as presenting such a circumstance. The judge instructed the jury immediately after the introduction of the evidence of the defendant's prior convictions, and again during his charge, that the jury were to consider the convictions only

---

[1] We note in this case that defense counsel agreed that the statute gave no discretion to the judge to exclude evidence of prior convictions, and that the judge indicated that "I'm not inclined in this particular case to grant the motion, anyway."

[2] Defense counsel anticipated the problem and before trial presented a motion to exclude any evidence of the defendant's prior criminal convictions. The motion was denied.

as they might assist them in assessing the defendant's credibility. The defendant made no objection to those instructions. The defendant received the limiting instructions to which he was entitled. *Commonwealth* v. *Boyd,* 367 Mass. 169, 174-175 (1975). *Commonwealth* v. *Bumpus,* 362 Mass. 672, 683 (1972), judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974). The defendant did not request an instruction that inferences as to credibility rightly may vary according to the nature of the crimes, although the jury are the ultimate arbiters of credibility. *Commonwealth* v. *Chase,* 372 Mass. 736,749 (1977). *Commonwealth* v. *Ferguson,* 365 Mass. 1, 11-12 (1974).

The effective operation of our jury system requires that we accept the basic premise that juries can understand and will apply instructions that certain evidence is to be used by them for one purpose and not for another. Instructions concerning the jury's use of evidence of prior convictions are not more difficult to understand and apply than many other instructions.

*Judgments affirmed.*