COMMONWEALTH *vs.* EUDIE JAKIMENKO. September 22, 1978. The defendant has appealed from his conviction for assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A). 1. The judge as a matter of discretion may limit or bar the reading of a record of conviction of the defendant (*Commonwealth* v. *Chase*, 372 Mass. 736, 750 [1977]; *Commonwealth* v. *Leno*, 374 Mass. 716, 717 [1978]) when offered for impeachment purposes pursuant to G. L. c. 233, § 21. However, it was neither an abuse of this discretion nor error of law for the judge to overrule the defendant's objection to the admission of that record on the grounds stated and to allow the record to be read in its entirety. *Commonwealth* v. *Connolly*, 356 Mass. 617, 627, cert. denied, 400 U.S. 843 (1970). See *Commonwealth* v. *Ladetto*, 353 Mass. 746 (1967); *Commonwealth* v. *West*, 357 Mass. 245, 249 (1970); *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 682 (1974) (Hennessey, J., concurring); *Commonwealth* v. *Boyd*, 367 Mass. 169, 174 (1975); *Commonwealth* v. *Belmonte*, 4 Mass. App. Ct. 506, 511 (1976). The judge gave limiting instructions before the records of conviction were read and again in his charge that were sufficient to avoid any prejudice. *Com-*

*monwealth* v. *Leno,* 374 Mass. at 718–719. As no testimony was introduced beyond the record as to the circumstances of the crime for which the defendant was convicted, *Commonwealth* v. *Callahan,* 358 Mass. 808 (1970), and *United States* v. *Plante,* 472 F.2d 829, 832, cert. denied, 411 U.S. 950 (1973), are inapposite. 2. The defendant now argues that the name of his attorney (who was also his attorney at this trial) should not have been included in the reading of the records. This was not stated as a ground for objection to the admission of the record and is not now properly before us. *Commonwealth* v. *Ambers,* 370 Mass. 835, 838 (1976). *Commonwealth* v. *Spear,* 2 Mass. App. Ct. 687, 692 n.6 (1974). 3. The defendant's argument concerning improper comments said to have been made by the prosecutor in his summation is also not based on an exception and is not properly before us. While we do not intimate that error would have been found in either case had an exception been taken, we do not feel that there is a substantial risk of a miscarriage of justice, and we decline to invoke the power stated in *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967), see e.g., *Commonwealth* v. *Johnson,* 374 Mass. 453, 465 (1978).

*Judgment affirmed.*

*Beth H. Saltzman* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.