COMMONWEALTH *vs.* PATRICK J. CAVANAUGH.

Berkshire.    October 17, 1978. — February 13, 1979.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence*, Prior conviction, Identity. *Witness*, Impeachment. *Identification. Practice, Criminal*, Appeal.

At the trial of a defendant charged with unarmed robbery, there was no support in the record for the defendant's contention that the judge abused his discretion in denying the defendant's motion to exclude records of his convictions of receiving stolen goods, robbery, larceny, and breaking and entering if the defendant were to testify in his own behalf. [33-35]

There was no merit to a defendant's contention that the evidence at a criminal trial was insufficient to permit the jury to infer that the defendant, sitting in the dock, was the "Mr. Cavanaugh" to whom the Commonwealth's witnesses referred. [36]

A defendant in a criminal case failed to establish that he was prejudiced by a delay of thirteen months between the date his appeal was claimed and the date it was docketed in this court. [36-37]

INDICTMENT found and returned in the Superior Court on April 6, 1976.

The case was tried before *Cross, J.*

*David O. Burbank* for the defendant.

*William T. Walsh, Jr.*, Special Assistant District Attorney, for the Commonwealth.

GOODMAN, J. The defendant appeals (G. L. c. 278, §§ 33A-33G) from a conviction on an indictment charging that on November 15, 1975, he "by force and violence, did rob and steal from the person of . . . a purse containing . . . money, all of the value of less than one hundred dollars." The defendant makes three contentions.

1. *Records of conviction.* After a jury was empanelled and before any further proceedings, the trial judge heard

the defendant's motion to exclude his records of convictions if he were to testify in his own behalf. See *Commonwealth* v. *Chase*, 372 Mass. 736, 751 (1977) ("The issue might have been raised, even before trial, by a motion to exclude that evidence"). *Commonwealth* v. *Leno*, 374 Mass. 716, 718 n.2 (1978). The records which the prosecution was prepared to introduce to impeach the defendant showed a conviction on January 18, 1973, for receiving stolen goods, a conviction on January 11, 1973, for "steal [ing] from the person of . . . a handbag and contents . . ." and two convictions on November 17, 1972, one for larceny and one for breaking and entering (the last two apparently arising out of the same incident). The trial judge after argument denied the motion. At the trial the defendant rested without introducing any evidence.

In *Commonwealth* v. *Chase*, 372 Mass. at 750, the Supreme Judicial Court said, "Although, as we have said, the statute [G. L. c. 233, § 21] does not give the judge any discretion to exclude the evidence when the prosecutor in his discretion offers it, we would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense. Such a case would arise most commonly where the evidence of a prior conviction of the defendant (as opposed to another witness) is offered, the crime charged and the prior crime are similar, and those crimes do not bear directly on the disposition of the defendant to tell the truth." And in *Commonwealth* v. *Leno, supra* at 717-718, the court confirmed this right in the trial judge. We have construed those cases to hold that "[t]he judge as a matter of discretion may limit or bar the reading of a record of conviction of the defendant [citing the *Chase* and *Leno* cases] when offered for impeachment purposes pursuant to G. L. c. 233, § 21." *Commonwealth* v. *Jakimenko*, 6 Mass. App. Ct. 924, 924 (1978).

"However, in the ordinary case . . . the problem is not one of constitutional dimensions, and the judge's determi-

nation to admit records of prior convictions solely for the purpose of impeachment is not subject to appellate review," for it is justified by the statute, G. L. c. 233, § 21. *Commonwealth* v. *Leno*, 374 Mass. at 717-718. In any event, on the record in this case it is inappropriate for us to attempt to determine (assuming the question is open) whether the admission of the prior convictions, had the defendant taken the stand, would have presented the extraordinary case of a trial so unfair as to call for our intervention to prevent injustice, whether or not of constitutional dimensions. See *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 680 (1974) (Hennessey, J., concurring) ("What is involved here is the necessity of fairness in trials"). In reviewing the trial judge's exercise of discretion in denying the defendant's motion, we look only to the matters on which the discretion was exercised. *Commonwealth* v. *Howard*, 4 Mass. App. Ct. 476, 481 (1976), and cases cited. Those matters consist only of the four convictions and an indication that purse snatching was involved in this robbery case. Defense counsel made no offer of proof other than to state that if the defendant were to testify he would "have him deny the allegations made by the Commonwealth"; and the motion was heard before the prosecution's opening. Thus the judge was not furnished with a scenario which would have given him some indication of the course the trial might be expected to take, by which he could measure the prejudicial effect of the impeaching evidence as against its relevance to the defendant's credibility.[1]

---

[1] We do not criticize counsel's choice in bringing the motion early in the proceedings so that he could have the matter resolved and shape his tactics accordingly. See *Commonwealth* v. *Chase*, 372 Mass. at 750-751; *Commonwealth* v. *Leno*, 374 Mass. at 718 n.2. Defense counsel need not take the risk of putting the defendant on the stand in the hope that the record would be excluded, though deferring the motion or renewing it later in the trial might in some instances be the wiser course.

2. *The defendant's identity.* The transcript does not bear out the defendant's contention that the evidence was insufficient to permit the jury to infer that the defendant, sitting in the dock, was the "Mr. Cavanaugh" to whom the Commonwealth's witnesses referred. Defense counsel in his cross-examination of those witnesses referred without distinction to "this defendant," "Mr. Cavanaugh" and "the defendant"; and the jury could infer that "Mr. Cavanaugh" and the defendant were interchangeably the subject of the testimony given by those witnesses.[2] Further, the jury heard testimony of "Mr. Cavanaugh's" arrest; they could infer that he was the same Mr. Cavanaugh who had been brought to answer to the indictment read to him. See *Vieira* v. *Balsamo*, 328 Mass. 37, 38-40 (1951); *Brockton Hosp.* v. *Cooper*, 345 Mass. 616, 617-618 (1963). "It is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony, on comparison of all its details and particulars, should identify him as the offender." *Commonwealth* v. *Cunningham*, 104 Mass. 545, 547 (1870). *Commonwealth* v. *Lovell*, 6 Mass. App. Ct. 172, 178 (1978). *United States* v. *Fenster*, 449 F. Supp. 435, 440-442 (E.D. Mich. 1978). *Preston* v. *State*, 259 Ind. 353, 355 (1972). The circumstantial evidence in this case was sufficient to convict.

3. *Speedy appeal.* The defendant's complaint of thirteen months delay between the date his appeal was claimed and the date it was docketed in this court may call for an administrative inquiry into the reason for the clerk's apparent failure to comply with G. L. c. 278, §§ 33C and 33E.

---

[2] This also appears from the prosecuting attorney's examination of Officer Misiuk: "Q When you arrived there what did you observe? A Officer Sherman was standing there with Mr. Cavanaugh . . . . Q Did he do that by reading a card? A Yes . . . . He read off the card. Q Did you hear the defendant say whether or not he understood? A Yes, he said he understood the rights. Q Was there any further conversation between the defendant and the officer in your presence? A Yes. At this time Officer Sherman asked Mr. Cavanaugh what he was doing here."

But the defendant has not met the burden of establishing substantial prejudice in this case in which we affirm the judgment, nor has he shown other harm. *Commonwealth v. Swenson,* 368 Mass. 268, 280 (1975).

*Judgment affirmed.*