COMMONWEALTH *vs.* JOHN FONTAINE.

Berkshire.   June 11, 1979. — July 9, 1979.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Criminal,* Speedy trial, Appeal. *Constitutional Law,* Speedy trial, Appeal.

A four-year delay between the return of indictments and trial of a defendant did not constitute a denial of the defendant's constitutional right to a speedy trial where the delay resulted from court congestion, the defendant failed to assert his right to a speedy trial, and he failed to show that he had been prejudiced by the delay. [52-55]

Where a lengthy delay in the appellate process was occasioned by the stenographer's failure to transcribe the proceedings of a criminal case promptly and by the clerk's failure promptly to prepare the summary of the record in the manner contemplated by G. L. c. 278, § 33C, and where the defendant failed to show that he had been harmed by the delay, his motion to dismiss for lack of a speedy appeal was properly denied. [55-58]

INDICTMENTS found and returned in the Superior Court on May 25, 1972.

The cases were tried before *K.B. Smith,* J.

*David O. Burbank* for the defendant.

*Francis X. Spina,* Assistant District Attorney, for the Commonwealth.

GRANT, J. The defendant has appealed from jury convictions on three indictments for receiving stolen goods, arguing error in the denial of his various motions to dismiss the indictments for lack of a speedy trial and for lack

of a speedy appeal. We consider first the motion to dismiss for lack of a speedy trial.

1. The indictments in question, together with three companion indictments on which the defendant was acquitted, were all returned by a Berkshire County grand jury on May 25, 1972. The defendant was promptly arraigned on all six indictments and released on personal recognizance. Counsel for the defendant seasonably secured various orders for discovery, including orders for the production of statements of witnesses who would be called by the prosecution at trial and for disclosure of the minutes of the grand jury. The district attorney placed all the indictments on the trial list (G. L. c. 278, § 1) for each of the next seven semiannual two-month sittings of the Superior Court for criminal business in Berkshire County. The defendant duly answered the call of the list and received a trial assignment at each of those sittings, but none of the indictments was reached for trial at any of those sittings. It does not appear that any formal continuance was ever entered by the court.

On April 8, 1976, the minutes of the grand jury were made available to the defendant's trial counsel, and on April 16, 1976, counsel was supplied with copies of the statements of the prosecution's witnesses. The indictments were finally reached for trial on April 21, 1976. When the case was called the defendant filed a motion to dismiss all the indictments for lack of a speedy trial as required by the Sixth (by reason of the Fourteenth) Amendment to the United States Constitution and by art. 11 of the Massachusetts Declaration of Rights. See *Commonwealth* v. *Gove*, 366 Mass. 351, 356 n.6 (1974). The motion was denied after hearing,[1] and the trial commenced immediately under the provisions of G. L. c. 278, §§ 33A-33G.

---

[1] The court also denied a companion motion to dismiss the indictments by reason of the delay in the prosecution's complying with the various discovery orders, but the assignment of error directed to that denial has been waived under Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 (1975).

The length of the delay in bringing the defendant to trial was not inherently prejudicial, but it does require inquiry into and a weighing of the reasons for the delay, the defendant's assertion of his right to a speedy trial, and the extent of any actual prejudice to the defendant which may have resulted from the delay. *Commonwealth* v. *Beckett,* 373 Mass. 329, 331 (1977). Contrast *Commonwealth* v. *Green,* 353 Mass. 687 (1968).

It was agreed at the hearing on the motion that the delay had resulted from court congestion rather than from any deliberate action or design on the part of the prosecution. Priority appears to have been given to cases in which the defendants were incarcerated. See *Commonwealth* v. *Beckett,* 373 Mass. at 332.

At no time during the period between indictment and the day of trial did the defendant ever file a motion for a speedy trial. His failure in that respect is indicative of a belief on his part that he was not being prejudiced by the delay (*Commonwealth* v. *Gilbert,* 366 Mass. 18, 23 [1974]; *Commonwealth* v. *Gove,* 366 Mass. at 363; *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 738 [1976]; *Commonwealth* v. *Cooke,* 4 Mass. App. Ct. 775, 776 [1976]), results in leaving on him the burden of proving prejudice resulting from the delay (*Commonwealth* v. *Beckett,* 373 Mass. at 334[2]), and renders that burden much more difficult. *Commonwealth* v. *Alves,* 6 Mass. App. Ct. 572, 577-578 (1978). "[A] record which shows the defendant's indifference to the date of trial cannot strongly support a claim of the denial of his right to a speedy trial." *Commonwealth* v. *Beckett,* 373 Mass. at 333.

---

[2] See also *Commonwealth* v. *Gilbert,* 366 Mass. at 22; *Commonwealth* v. *Gove,* 366 Mass. at 351, 363-364; *Commonwealth* v. *Blasser,* 2 Mass. App. Ct. 754, 761 (1975); *Commonwealth* v. *Jackson,* 3 Mass. App. Ct. 511, 517 (1975); *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 529 (1975); *Commonwealth* v. *Burhoe,* 3 Mass. App. Ct. 590, 594 (1975); *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 583-584 (1977); *Commonwealth* v. *Anderson,* 6 Mass. App. Ct. 492, 498 (1978).

"There was no pre-trial incarceration, and there was no showing of anxiety or concern of the accused, who did not testify on the motion to dismiss." *Commonwealth* v. *Beckett*, 373 Mass. at 334. The only effort to show that the defendant might have been prejudiced by the delay in bringing him to trial was predicated on representations made by counsel as to the contents of the grand jury minutes which, as we have seen, had not been made available to counsel until thirteen days before trial. It was represented that there was no evidence before the grand jury which would support the date of sale of stolen goods to the defendant which was alleged in one of the indictments on which the defendant was ultimately convicted; it was also represented that the evidence before the grand jury disclosed substantial discrepancies between the actual dates of sales to the defendant and the dates of sales which were alleged in the other two indictments on which the defendant was convicted.[3] Based on those representations, counsel contended that the defendant had been belatedly (but unintentionally) deprived of the opportunity to present alibi evidence with respect to the dates of sales to him which were alleged in the indictments.[4]

There are at least two difficulties with this contention. First, the minutes of the grand jury were never made part of the record or otherwise put before the judge, with the result that he had no means of gauging the accuracy of counsel's representations as to the contents of the minutes. Compare *Commonwealth* v. *Core*, 370 Mass. 369, 371 (1976). Contrast *Commonwealth* v. *Stewart*, 365 Mass. 99, 105-106 (1974).[5] Second, counsel declined to accept the

---

[3] Somewhat similar representations were made with respect to certain of the other indictments on which the defendant was acquitted.

[4] There was no representation that the defendant had ever intended to take the stand at trial to testify to any alibi, very likely because he had a record of at least one prior conviction of receiving stolen goods.

[5] A perusal of the trial transcript discloses that counsel for the defendant made extensive use of the minutes of the grand jury in the course of cross examining prosecution witnesses as to the dates of

judge's rather pointed suggestion that it would be helpful to his decision on the motion if he were to be supplied with an offer of proof as to any alibi evidence which might have been available with respect to the dates of the offences which were alleged in the indictments. See and compare *Commonwealth* v. *Gove*, 366 Mass. at 364; *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 703 (1974); *Commonwealth* v. *Underwood*, 3 Mass. App. Ct. 522, 530-531 (1975); *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 584 (1977).

The inability of prosecution witnesses to pinpoint dates of thefts or dates of sales to the defendant was not prejudicial to the defendant in any constitutional sense. *Commonwealth* v. *Beckett*, 373 Mass. at 334. *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. at 703. "Considering the lack of prejudice to the defendant and [his] failure to assert [his] right to a speedy trial for [almost] four years after [his] indictment, we conclude that, in spite of the inordinate delay, the defendant was not denied [his] constitutional rights in the circumstances." *Commonwealth* v. *Beckett*, 373 Mass. at 335.

2. The jury returned their verdicts on April 26, 1976. The defendant was sentenced on the same day on the three indictments on which he had been convicted, but the execution of all three sentences was immediately stayed pending appeal. Appeals from all three convictions were filed on the following day. More than a year later, in May of 1977, the defendant filed and secured the allowance of what appears to be a routine motion under G. L. c. 278, §§ 33A and 33B, for the certification of the stenographic transcript. The transcript was filed with the clerk in early December, 1977. So far as the record discloses, no formal complaint of delay in the appellate proc-

---

various housebreaks and as to the amounts the defendant had paid for particular items stolen during the course of some of those breaks. However, counsel made no use of any portion of the minutes which might have shed light on the date of any sale to the defendant.

ess was made to the court until August 28, 1978, when the defendant filed a motion to dismiss the indictments on the grounds that he had been denied his constitutional and statutory rights to a "speedy trial (to include a speedy appeal)." That motion was denied by the trial judge after hearing. On January 16, 1979, the defendant filed a virtually identical motion, which was heard and denied by a different judge. A motion for reconsideration of that denial was filed on February 23, 1979, and was denied by the second judge on March 2, 1979.[6]

It is obvious from the record that the delay in the appellate process was occasioned by the stenographer's failure to transcribe the proceedings promptly following her receipt of advice that the defendant had appealed and by the clerk's failure promptly to prepare the summary of the record in the manner contemplated by G. L. c. 278, § 33C.[7] There is nothing in the record to suggest that the prosecution was responsible for any aspect of the delay (compare *Commonwealth* v. *Swenson*, 368 Mass. 268, 279 [1975]) and much to suggest the indifference to delay which is all too common in cases in which execution of sentence is stayed pending appeal. For instance, the defendant appears to have waited approximately a year from the filing of his claims of appeal before notifying the stenographer of such claims and to have waited for a considerably longer period before designating the papers to be included in the summary of the record in the manner contemplated by § 33C. The defendant's first assignment of errors (G. L. c. 278, § 33D) was not filed until approximately ten months after his receipt of the thirty-two page transcript of the hearing on the motion to dismiss for lack of a speedy trial. See *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. at 723 n.17.[8] No effort appears

___

[6] The appeals were docketed in this court on March 23, 1979, and were argued at the first sitting following the completion of the briefs.

[7] The second judge characterized the latter failure as one of "clerical error and negligence."

[8] Although G. L. c. 278, § 33D, allows a defendant to defer the filing of his assignment of errors until thirty days after the clerk has notified

to have been made to invoke the administrative powers of the court to expedite the preparation of the transcript or the summary of the record (see *Commonwealth* v. *Cavanaugh*, 7 Mass. App. Ct. 33, 36 [1979]), and the defendant waited for twenty-eight months from the filing of his claims of appeal to file his first motion to dismiss for lack of a speedy appeal.

In the circumstances, the defendant clearly had the burden of showing prejudice to him arising out of the delay. *Commonwealth* v. *Swenson*, 368 Mass. at 280. The record contains only two suggestions of such prejudice. The first consists of general references which appellate counsel made to the second judge concerning the defendant's "anxiety, concern ... and apprehension"; but, as was the case with the motion to dismiss for lack of a speedy trial, the defendant failed to testify on a matter of seeming importance. The second suggestion is found in an affidavit submitted by the defendant in support of his motion for reconsideration of the order denying his second motion to dismiss for lack of a speedy appeal. That affidavit asserts that the defendant, who is an auctioneer by trade, had lost his auctioneer's license following his arraignment on the indictments and that he had since been unemployed and dependent on his wife and children for his support. The second judge made no finding as to the truth of any of the assertions set out in the affidavit, and we note that those assertions were inconsistent with certain representations which had earlier been made by trial counsel in the course of the hearing on disposition.

No part of the record has been lost (see *Commonwealth* v. *Harris*, 376 Mass. 74 [1978]), and there has been no

---

him of the completion of the summary of the record, and although G. L. c. 278, § 33E, treats an assignment of errors as something separate and distinct from the summary of the record, the usual practice of the clerks has been to bind both documents together in the record which is transmitted to the appellate court.

change in any of the operative facts necessary to a proper consideration of the denial of the motion to dismiss for lack of a speedy trial. We have already concluded that that motion was properly denied, and we fail to see how the defendant has been harmed by any delay in the appellate process. There will be time enough to consider whether a defendant has a constitutional right to a speedy appeal when we are presented with a case in which the prosecution has been primarily responsible for inordinate delay over the defendant's objection or in which the appeal results in the lapse of an inherently prejudicial interval of time between indictment and possible retrial. See *Commonwealth* v. *Swenson*, 368 Mass. at 278-280; *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. at 722-723.

*Judgments affirmed.*