COMMONWEALTH *vs.* WILLIAM P. YOUNGWORTH. June 2, 1981. The defendant was convicted of armed robbery based on the testimony of two women who witnessed the robbery and who identified him as the driver of the getaway car. There was evidence that the two women independently made photographic identifications both of him and a female

participant in the robbery; that all four photographic identifications were made from nonsuggestive arrays; that the female participant so identified was the defendant's sister; that the same two women identified the getaway car from a group of about twenty to thirty cars in a police holding garage; and that the car so identified was owned by the defendant. The two women later identified the defendant in person at trial in the Superior Court after having seen, and perhaps identified, the defendant at a probable cause hearing in a District Court, the transcript of which is not before us. 1. The defendant was not, in our view, deprived of effective assistance of counsel at the probable cause hearing by his counsel's alleged failure to request an in-court lineup or the seating of the defendant in the audience. See *Commonwealth* v. *Jones*, 375 Mass. 349, 357-359 & n.4 (1978); *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 306-307 (1979). There was good reason to believe that the two women might succeed in identifying the defendant under those somewhat dramatic conditions. The circumstances of such identifications would, of course, be admissible at the subsequent trial. *Commonwealth* v. *Torres*, 367 Mass. 737, 739, 740, 741-742 (1975); *Commonwealth* v. *Swenson*, 368 Mass. 268, 272 (1975). Tactical judgments, unless manifestly unreasonable, are not a basis for a claim of ineffective assistance of counsel. *Commonwealth* v. *Rondeau*, 378 Mass. 408, 413 (1979); *Commonwealth* v. *Sellon*, 380 Mass. 220, 225-226 (1980). Trial counsel was under no obligation to file a useless motion to suppress both the pre-trial and at-trial identification evidence, *Commonwealth* v. *Saferian*, 366 Mass. 89, 98-99 (1974), and it was reasonable in all the circumstances to rely, as he did, on cross-examination to try to magnify the factors which might be thought to cast doubt on the validity of the original identifications. *Commonwealth* v. *Jones*, 362 Mass. 497, 500-501 (1972). *Commonwealth* v. *Wheeler*, 3 Mass. App. Ct. 387, 391 (1975). 2. As there was no substantive basis for overturning the defendant's conviction, the defendant has not been prejudiced by the delay in the entry of his appeal. See *Commonwealth* v. *Swenson*, *supra* at 280; *Williams*, *petitioner*, 378 Mass. 623, 626 (1979); *Commonwealth* v. *Cavanaugh*, 7 Mass. App. Ct. 33, 36 (1979); *Commonwealth* v. *Fontaine*, 8 Mass. App. Ct. 51, 56-57 (1979). The correspondence to which the defendant has directed our attention establishes that a substantial share of the responsibility for the delay rested with the defendant and his trial counsel. See *Williams*, *petitioner*, *supra* at 627-628; *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 723 n.17 (1974).

*Judgment affirmed.*

*Michael S. Baum* for the defendant.

*Deborah M. Cerullo*, Legal Assistant to the District Attorney (*Peter W. Agnes, Jr.*, Assistant District Attorney, with her) for the Commonwealth.