COMMONWEALTH *vs.* FRANCISCO GONZALEZ.

Bristol.   February 18, 1986. — May 30, 1986.

Present: DREBEN, CUTTER, & WARNER, JJ.

*Evidence,* Prior conviction, Judicial discretion, Cross-examination, Rele-
vancy and materiality.  *Error,* Harmless.  *Practice, Criminal,* Appeal,
Argument by prosecutor, Instructions to jury, Judicial discretion, Request
by jury, Indictment, Impeachment by prior conviction.*Controlled Sub-
stances.*

Discussion of the extent to which a judge's discretionary ruling denying a
criminal defendant's motion in limine to exclude evidence of his prior
convictions offered by the prosecution for impeachment purposes is
reviewable on appeal in a case where the defendant has not testified at
trial, as well as the nature of the record required for appellate review
of the trial judge's exercise of such discretion. [276-280]
During cross-examination of an undercover police detective by defense
counsel at the trial of a controlled substances case, the judge did not
abuse his discretion in excluding proffered testimony to the effect that
"it takes a substantial amount of time, energy, cash and other resources
to set up any type of drug-dealing operation," by which defense counsel
hoped to show that, as the defendant had been released from the State
prison only seven days before the transaction in question, it would have
been impossible for him at that time to have been an "active drug dealer."
[280-281]
On appeal from controlled substances convictions, there was no merit to
the defendant's contentions that a remark made by the prosecutor during
closing argument constituted an improper comment on the defendant's
failure to testify, and that another remark unfairly demeaned and discred-
ited legitimate defense strategy. [281-282]
At the trial of a controlled substances case, an isolated remark by the judge
in instructing the jury that proof beyond a reasonable doubt "is not proof
beyond all reasonable doubt" did not create a substantial risk of a mis-
carriage of justice. [282]
At the trial of a controlled substances case, the record supported the conclu-
sion that, during the jury's deliberations, the judge's denial of the jury's
request for a reading of a portion of the testimony of one witness was
based on a proper exercise of the judge's discretion, rather than on an
erroneous view that he had no discretion to grant the request. [283]

At the trial of a controlled substances case, the judge did not abuse his discretion in denying the jury's request during their deliberations for a reading of a portion of the testimony of one witness. [283]

The part of an indictment that alleged a "second and subsequent" violation of the controlled substances laws was sufficient to enable the defendant to understand the charge and prepare a defense, even though it did not state that the defendant was the accused in the prior cases, where it did set forth the specific prior charges, the dates the defendant was convicted and the court where the proceedings had taken place, and where it made explicit reference to G. L. c. 94C, § 32 (*b*). [283-285]

INDICTMENT found and returned in the Superior Court Department on May 26, 1983.

The case was tried before *Guy Volterra,* J.

*Andrew Silverman,* Committee for Public Counsel Services, for the defendant.

*Bernadette L. Sabra,* Assistant District Attorney (*Dana A. Curhan,* Assistant District Attorney, with her) for the Commonwealth.

WARNER, J. After separate trials, see G. L. c. 278, § 11A, the defendant was found guilty by a Superior Court jury of possession of heroin with intent to distribute (G. L. c. 94C, § 32[*a*]) and of having been convicted of the same offense on one or more prior occasions (G. L. c. 94C, § 32[*b*], as appearing in St. 1982, c. 650, § 6). On appeal, the defendant challenges the sufficiency of the indictment on the latter charge and, as to the former charge, certain of the judge's rulings, portions of the prosecutor's closing argument, and the judge's instructions to the jury. Finding no error, we affirm the judgments.

1. *The denial of the defendant's motion to exclude evidence of his prior criminal convictions.* The defendant filed a motion in limine seeking to exclude the admission for impeachment purposes of the defendant's fourteen prior criminal convictions. In so doing, the defendant followed the suggestion that a ruling on such questions should be sought at an early time. See *Commonwealth* v. *Diaz,* 383 Mass. 73, 81-82 (1981),[1] and cases

---

[1] "As to the time when a ruling should be made on a motion by a defendant to bar his impeachment through prior convictions, it is desirable, if feasible,

cited. The defendant's particular concern was with prior convictions for the same or similar offenses as the primary crime which was currently being charged; the defendant had been convicted once of illegal possession of narcotic drugs, twice of illegal possession of heroin, once of possession of heroin with intent to sell, once of possession of a Class A controlled substance, second offense (heroin is a Class A controlled substance, G. L. c. 94C, § 31), and thrice of distribution of a Class A controlled substance, all second offenses.[2] The defendant argues that the trial judge abused his discretion in denying the motion because the danger of prejudice from the admission of the defendant's prior convictions for the same or similar crimes, even though limited to impeachment purposes, far outweighed their probative value.[3] See *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984). The Commonwealth, relying on *Luce* v. *United States,* 469 U.S. 38 (1984), contends that as the defendant did not testify and the prior convictions were, therefore, not admitted, the question of the balancing of prejudice and probative worth is not open on appeal. The defendant counters that he did not testify because of the adverse ruling and that if he had testified, he would have denied all involvement in the incident. See *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 680 (1974) (Hennessey, J., concurring).

First, we state some basic principles. We are not dealing with an issue of Federal or State constitutional dimension. See

that this should occur at an early moment, since it may affect counsel's conduct of the trial all down the line." *Commonwealth* v. *Diaz, supra* at 81.

[2] The defendant's other convictions were for breaking and entering in the nighttime and larceny, larceny of a motor vehicle, operating a motor vehicle after suspension of license, possession of counterfeit bills with intent to pass, uttering forged checks and escape. All of the defendant's convictions would appear to have been admissible under the conditions prescribed by G. L. c. 233, § 21.

[3] On appeal, the defendant does not argue that there was error in the judge's ruling insofar as it related to the nondrug-related convictions. Indeed, at least some of those convictions were for crimes directly concerned with the defendant's prior untruthfulness. See *Commonwealth* v. *Diaz, supra* at 81; *Commonwealth* v. *Maguire,* 392 Mass. 466, 469 (1984), and cases cited.

*Commonwealth* v. *Diaz, supra* at 75-79, and cases cited; *Commonwealth* v. *Maguire, supra* at 470 n.8. A judge's exercise of discretion in admitting evidence of a defendant's prior conviction for impeachment purposes when a defendant testifies is reviewable on appeal. *Commonwealth* v. *Maguire, supra* at 470. "The question on appeal will normally be whether there was an abuse of discretion in admitting evidence of a prior conviction because the danger of unfair prejudice outweighed the probative value of the evidence of a prior conviction for the purposes of impeachment" (footnote omitted). *Ibid.* This standard of review is essentially the same as that explicitly provided in Fed.R.Evid. 609(a)(1). *Commonwealth* v. *Maguire, supra* at 468 n.2.[4]

In *Luce* v. *United States, supra,* the Supreme Court granted certiorari to resolve a conflict among Federal Courts of Appeal on the question presented here. 469 U.S. at 40. A unanimous court (Stevens, J., taking no part, and Brennan and Marshall, JJ., concurring in the reasoning and result) held that in order to present for review a claim of abuse of discretion in a ruling to admit, after application of the balancing test in Fed.R.Evid. 609(a)(1), evidence of a prior conviction for impeachment purposes, a defendant must testify at trial. We set forth in the margin the relevant portions of the opinion of the Court.[5] Our appellate courts have not yet considered the ques-

---

[4] Proposed Massachusetts Rule of Evidence 609(a) (1980) contains the same standard. *Commonwealth* v. *Maguire, supra* at 469 n.7.

[5] "A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context.[1] This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.[*]

"Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling

---

[*] "Requiring a defendant to make a proffer of testimony is no answer; his trial testimony could, for any number of reasons, differ from the proffer." Compare *Commonwealth* v. *Diaz,* 383 Mass. at 81-82. Compare also *Commonwealth* v. *Chase,* 372 Mass. 736, 750-751 & n.8 (1977).

tion. See *Commonwealth* v. *DiMarzo,* 364·Mass. at 680 (Hennessey, J., concurring); *Commonwealth* v. *Knight,* 392 Mass. 192 (1984) (defendant did not testify but "narrow question" before court [*id.* at 195] was whether judge knew he had discretion and exercised it; case decided before *Commonwealth* v. *Maguire, supra*); *Commonwealth* v. *Edgerly,* 13 Mass. App. Ct. 562, 571-572 (1982) (defendant did not testify but error as matter of law for judge to refuse to exercise discretion); *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. 948 (1983) (same). In *Commonwealth* v. *Maguire,* 392 Mass. at 467, the defendant testified and was impeached by a prior conviction. In announcing the standard of review to which we have referred, the court held: "We will consider seasonably raised challenges to the admission of evidence of prior convictions of a defendant

---

is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling. On a record such as here, it would be a matter of conjecture whether the District Court would have allowed the Government to attack petitioner's credibility at trial by means of the prior conviction.

"When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.

"Because an accused's decision whether to testify 'seldom turns on the resolution of one factor,' *New Jersey* v. *Portash,* 440 U.S. 450, 467 (1979) (Blackmun, J., dissenting), a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. In support of his motion a defendant might make a commitment to testify if his motion is granted; but such a commitment is virtually risk free because of the difficulty of enforcing it.

"Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. See generally *United States* v. *Hasting,* 461 U.S. 499 (1983). Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to 'plant' reversible error in the event of conviction." 469 U.S. at 41-42.

who testified at trial." *Id.* at 470. We are not, of course, bound
to follow the holding of the Supreme Court in *Luce.*[6]

On the record before us, we need not reach the question
whether the judge's exercise of discretion in ruling on the in
limine motion to exclude evidence of prior convictions for
impeachment of the defendant is reviewable. The record of
the proceedings on the motion is before us on the contents of
the defendant's motion to expand the record on appeal, which
was allowed by the judge.[7] From that motion we learn only
the following. The hearing was held before the jury were em-
panelled.[8] The defendant's counsel stated that the defendant
wanted to testify but would not do so if the Commonwealth
should be permitted to impeach him with evidence of convic-
tions for the same or similar offenses. If the defendant should
testify, counsel represented, "his testimony would include a
complete denial of participation in the heroin sale at issue in
the case." The judge examined copies of the defendant's records
of convictions. The prosecutor stated that he intended to intro-
duce evidence of the defendant's prior convictions, but there is
no indication that the prosecutor informed the judge of the nature
of the other evidence the Commonwealth intended to produce.
"Thus the judge was not furnished with a scenario which would
have given him some indication of the course the trial might be
expected to take, by which he could measure the prejudicial
effect of the impeaching evidence as against its relevance to
the defendant's credibility" (footnote omitted). *Commonwealth
v. Cavanaugh,* 7 Mass. App. Ct. 33, 35 (1979). See also

---

[6] For examples of the conflicting views of Federal Courts of Appeal, see
*United States* v. *Cook,* 608 F.2d 1175, 1183-1188 (9th Cir. 1979), cert.
denied, 444 U.S. 1034 (1980); *United States* v. *Kiendra,* 663 F.2d 349,
352-353 (1st Cir. 1981); *United States* v. *Luce,* 713 F.2d 1236, 1237-1242
(6th Cir. 1983).

[7] The motion to exclude evidence of the convictions was heard in the
judge's lobby; no record was made. It would have been better practice to
have had a stenographic or electronic transcription of the hearing.

[8] The motion was not renewed during trial. See *Commonwealth* v.
*Cavanaugh,* 7 Mass. App. Ct. 33, 35 n.1 (1979). Compare *Commonwealth*
v. *Elliot,* 393 Mass. 824, 832 (1985).

*Commonwealth* v. *Diaz,* 383 Mass. at 81-82, and cases cited. The statement of counsel that the defendant would deny the allegations of the Commonwealth was, without more, an insufficient offer of proof. See *Commonwealth* v. *Cavanaugh, supra.* Cf. *Commonwealth* v. *Chase,* 372 Mass. 736, 751 n.8 (1977).

We hold only that, if the question of abuse of discretion in the denial of an in limine motion to exclude evidence is open on review at all in the case of a defendant who does not testify, see *Luce* v. *United States,* 469 U.S. at 41-42, it must be presented on a record which allows the reviewing court to evaluate the judge's balancing of unfair prejudice and probative value. See *Commonwealth* v. *Maguire,* 392 Mass. at 470. Absent extraordinary circumstances, which we do not find here, such a record must include descriptions of the nature of the evidence the parties intend to present and such other information as bears on the factors mentioned in *Commonwealth* v. *Diaz, supra* at 81. We may review the exercise of discretion only on the basis of what was before the judge at the time of exercise.[9]

2. *The curtailment of the defendant's cross-examination.* The Commonwealth's case was based upon a single street sale of .85 grams of heroin for $50 to undercover police officers operating out of a pickup truck. There was evidence that the defendant, one of a group of males standing in an abandoned lot, approached the truck, and the officers asked him if they could purchase some heroin. The defendant retrieved the heroin, and the sale was consummated. The defendant then advised the officers to deal with him "or you'll get ripped off."

---

[9] Our holding should not be construed as discouraging early rulings on the admissibility of defendants' prior convictions, see *Commonwealth* v. *Diaz, supra* at 81-82; *Commonwealth* v. *Cavanaugh,* 7 Mass. App. Ct. at 35 n.1, provided the judge is given sufficient information to enable him to undertake a meaningful exercise of discretion. Nor do we intend any suggestion that a judge, in the sound exercise of discretion, may not alter a previous in limine ruling, as long as that revision does not unfairly prejudice a defendant. See *Luce* v. *United States,* 469 U.S. at 41-42; *Commonwealth* v. *Diaz,* 383 Mass. at 82; *Commonwealth* v. *Cavanaugh,* 7 Mass. App. Ct. at 35 n.1. Cf. *Catania* v. *Emerson Cleaners, Inc.,* 362 Mass. 388, 390 (1972).

On cross-examination of an undercover police detective (experienced in narcotics investigations) who observed but did not take part in the transaction just described, the defendant's counsel asked him to describe what one would have to do to establish an operation for the sale of narcotics. The prosecutor's objection was sustained. At a bench conference, the defendant's counsel explained that he wanted the detective's testimony to show "that it takes a substantial amount of time, energy, cash and other resources to set up any type of drug-dealing operation." With that evidence, the defendant would contend that, as he was released after serving a seven-year sentence at M.C.I., Walpole, just seven days before the transaction in question, it would have been impossible for the defendant then to have been an "active drug dealer." The judge thought that the proffered evidence was not relevant to the case presented by the Commonwealth.

"Whether evidence is legally relevant is a question which is generally left to the discretion of the trial judge." *Commonwealth* v. *Chasson,* 383 Mass. 183, 187 (1981). While we think it would not have been error to admit the evidence which the defendant sought to elicit, we cannot say, given the nature of the evidence on which the Commonwealth relied, that its exclusion constituted an abuse of discretion. See *Commonwealth* v. *Doherty,* 353 Mass. 197, 213-214 (1967), cert. denied, 390 U.S. 982 (1968); *Commonwealth* v. *Hogan,* 12 Mass. App. Ct. 646, 656-657 (1981); *Commonwealth* v. *Bettencourt,* 20 Mass. App. Ct. 923, 924-925 (1985).

3. *The prosecutor's closing argument.* The comments of the prosecutor in his closing argument of which the defendant's appellate counsel now complains were not objected to by trial counsel. Our review, therefore, is confined to a determination whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Daigle,* 379 Mass. 541, 549 (1980). We conclude that there is no such risk.

During the course of his closing argument, the prosecutor said: "Please wade through some of the smoke that's been thrown up in this case. You know, the defendant doesn't want to talk about the drug deal. He wants to talk about how they

[the police officers] got to this point from Holiday Inn and what streets they took. Is that important? Or is it important what happened right here on South First Street [indicating]?" When considered in context, this portion of the argument (as well as others) was in reference to the closing argument of the defendant's counsel in which he concentrated on what he perceived to be inconsistencies in the testimony of the police officers. It cannot reasonably be read otherwise. Contrast *Commonwealth* v. *Domanski,* 332 Mass. 66, 69 (1954). Compare *Commonwealth* v. *Brown,* 392 Mass. 632, 640-641 (1984), and cases cited.

On appeal, the defendant plucks from the prosecutor's statement one sentence — "You know, the defendant doesn't want to talk about the drug deal." — and argues that it constituted improper comment on the defendant's failure to testify. The argument is frivolous.[10]

The defendant also argues that the prosecutor's use of the word "smoke" unfairly demeaned and discredited legitimate defense strategy. The prosecutor used the word to describe what he considered the defendant's trial counsel's emphasis on noncritical aspects of the evidence. As such, this was fair comment. See and compare *Commonwealth* v. *Dunker,* 363 Mass. 792, 798-800 (1973); *Commonwealth* v. *Cheek,* 374 Mass. 613, 618-619 (1978); *Commonwealth* v. *Easterling,* 12 Mass. App. Ct. 226, 230 (1981).

4. *The judge's instructions on the Commonwealth's burden of proof.* The defendant's argument that the "isolated utterance" that proof beyond reasonable doubt "is not proof beyond all reasonable doubt" created a substantial risk of a miscarriage of justice is foreclosed by the holding of the Supreme Judicial Court in *Commonwealth* v. *A Juvenile (No. 2),* 396 Mass. 215, 217-220 (1985).

---

[10] If the defendant's argument in this respect had even slight merit, the judge's clear and strong instructions that no inference could be drawn from the defendant's failure to testify, on the presumption of innocence and on the Commonwealth's burden of proof beyond a reasonable doubt were sufficient to negate any possible prejudice to the defendant.

5. *The judge's refusal to honor the request of the jury that a portion of the testimony of one witness be read to them.* The jury interrupted their deliberations with a written question to the judge requesting that they be allowed to hear a portion of the testimony of the first witness, a police officer. On appeal, the defendant argues that there was error of law in the judge's refusal to grant the request because in doing so he indicated that he did not understand that he had discretion to grant it. See and compare *Commonwealth* v. *Knight,* 392 Mass. 192, 195 (1984), and *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. 948, 948-949 (1983).

The defendant isolates expressions of the judge in his colloquy with counsel and in his response to the jury — "I don't think I can answer this question . . ."; "which I don't think I'm permitted to do"; "it would be inappropriate for me . . . ." However, our review of the entire colloquy and response sufficiently persuades us that the judge was aware that he had the discretion to grant or deny the request.

There was no abuse of discretion in the denial of the request for a reading of a portion of the testimony of one witness. See *Commonwealth* v. *Fitzpatrick,* 18 Mass. App. Ct. 106, 107-109 (1984), and cases cited; *Commonwealth* v. *Hunter,* 18 Mass. App. Ct. 217, 224 (1984).

6. *The sufficiency of the indictment under G. L. c. 94C, § 32(b).* The defendant argues that that part of the indictment which charged him with being a repeat offender[11] is fatally defective because it fails to state that the defendant had been convicted[12] of the two offenses set forth or that he was the person accused of them. "As the defendant did not raise this

---

[11] "The Commonwealth further alleges this to be the second and subsequent offense, to wit: Unlawful possession of a controlled substance, class A, with intent to distribute, on the fifth day of January in the year of our Lord one thousand nine hundred and seventy-eight, in the Bristol County Superior Court sitting at New Bedford, and on the tenth day of November in the year of our Lord one thousand nine hundred and seventy-seven, in the Bristol County Superior Court sitting at New Bedford. (G. L. Chap. 94C, Sec. 32(b))."

[12] General Laws c. 94C, § 32(*b*), refers to "one or more prior convictions."

issue in the trial court on either a motion to dismiss or a motion for a required finding of not guilty, brought under Mass.R. Crim.P. 13(c) and 25, 378 Mass. 872, 896 (1979), respectively, our consideration is confined to whether the indictment[ ] fail[s] 'to charge an offense,' G. L. c. 277, § 47A, . . . or whether there is a substantial risk that a miscarriage of justice otherwise has occurred." *Commonwealth* v. *De La Cruz,* 15 Mass. App. Ct. 52, 57 (1982).

"The test of the sufficiency of the indictment[ ] is whether [it] 'fully and plainly, substantially and formally' describe[s] the crimes or offenses for which the defendant[ ] [is] held to answer. Article 12 of the Declaration of Rights of the Massachusetts Constitution. See *Commonwealth* v. *Welansky,* 316 Mass. 383, 395-396 (1944)." *Commonwealth* v. *Gill,* 5 Mass. App. Ct. 337, 339 (1977). See *Commonwealth* v. *Burns,* 8 Mass. App. Ct. 194, 195 (1979). An indictment must contain "a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." Mass. R.Crim.P. 4(a), 378 Mass. 849 (1979). "An indictment shall not be dismissed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars." G. L. c. 277, § 34, as appearing in St. 1979, c. 344, § 34. See *Commonwealth* v. *McClaine,* 367 Mass. 559, 560 (1975); *Commonwealth* v. *Soule,* 6 Mass. App. Ct. 973, 973-974 (1979). See generally Smith, Criminal Practice and Procedure § 724 (2d ed. 1983).

Here, the indictment was sufficient to inform the defendant that he was being charged with being a repeat offender under G. L. c. 94C, § 32(*b*), and to enable him to prepare a defense. The indictment set forth the specific prior charges, the dates on which the defendant was convicted and the court in which the proceedings took place. The defendant does not argue that he did not know of those convictions. There is explicit reference to G. L. c. 94C, § 32(*b*), which deals solely with punishment for repeated convictions of the laws governing controlled sub-

stances. The defendant's contention that the indictment is defective because it did not state that the defendant was the accused in the prior cases is frivolous.

Any perceived deficiencies in the indictment could easily have been cured by a request for a bill of particulars. Mass.R.Crim.P. 13(b)(1), 378 Mass. 872 (1979). Finally, the defendant does not argue that he was prejudiced by the allegations in the indictment.

*Judgments affirmed.*