NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-339

KAREN BALCHUNAS & another[1]

vs.

THOMAS FARDY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Thomas Fardy, appeals from a Superior Court jury verdict awarding the plaintiffs, Karen Balchunas and Marisa Brown, damages for civil assault and battery and intentional infliction of emotional distress.  The defendant argues that the trial judge abused his discretion by admitting two photographs and an audio recording into evidence.  We affirm.

Background.  Balchunas and the defendant lived together as domestic partners for approximately thirty years.  Brown is Balchunas's adult daughter.  On September 9, 2014, the defendant physically attacked and strangled Balchunas.  Two days later, when the defendant again began behaving aggressively, Balchunas

---

[1] Marisa Brown.

called Brown to come to her home. Shortly after Brown arrived, she saw the defendant "grab[] a full bottle of wine and slam the fridge." Brown and Balchunas went into an office area at the back of the house to get away from the defendant. When the defendant entered the office about ten minutes later, Brown picked up Balchunas's cell phone, held it up to the defendant, pushed a button on the side of the phone, and told the defendant she would call 911 if he did not go back to bed and leave them alone. The defendant then strangled Brown, putting his hands around her throat. He also punched Balchunas in the face multiple times when she tried to intervene. The plaintiffs ran out of the house and called the police, who arrested the defendant.[2] About three and a half years later, the plaintiffs discovered that when Brown pushed the button on the side of Balchunas's cell phone, she accidentally created an audio recording of the incident.

Discussion. 1. Standard of review. We review a judge's evidentiary rulings for an abuse of discretion. See Luppold v. Hanlon, 495 Mass. 148, 154-155 (2025). An abuse of discretion occurs "where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision such

---

[2] The defendant admitted to sufficient facts in the District Court on criminal charges of strangulation, assault and battery on a family or household member, and assault and battery.

2

that the decision falls outside the range of reasonable alternatives."  Id., quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2.  Admission of the photographs.  The defendant asserts that the trial judge abused his discretion by admitting photographs of Balchunas's injuries, because a prior judge (motion judge) ordered exclusion from trial of any evidence that had not been produced as of the date of her order, March 14, 2019.  We disagree.

About three months after the motion judge's order, in June 2019, Balchunas brought the photographs to her deposition.  The plaintiffs had not provided the photographs to the defendant prior to the motion judge's order, however, they were utilized and discussed during Balchunas's deposition testimony.  Shortly before the trial began, the trial judge denied the defendant's motion in limine to exclude the photographs.  They were entered into evidence during the trial.

A trial judge is free to alter a pretrial ruling in the exercise of sound judicial discretion.  See Commonwealth v. Gonzalez, 22 Mass. App. Ct. 274, 277 n.5 (1986); see also Commonwealth v. Gross, 447 Mass. 691, 693 n.2 (2006) (judge retains authority to reconsider question of fact or law even once previous judge has decided it).  Although a "judge should hesitate before undoing the work of another judge," see Herbert

3

A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003), ultimately it is the trial judge's function as gatekeeper to determine what evidence fairly can be presented to the jury. Here, the defendant moved to exclude the photographs prior to trial and objected when they were offered at trial on the ground that their admission violated the motion judge's order. The trial judge denied the pretrial motion and overruled the defendant's trial objection based on his finding that the plaintiffs disclosed the photographs by June 2019, about four years prior to trial. The defendant argues that he lacked notice that the photographs would be admitted into evidence, because he relied on the motion judge's order. We agree with the trial judge's implicit reasoning that there was no prejudice where the defendant knew about the photographs for at least four years at the time of trial and therefore had ample time to prepare for any issues they might present. In any event, the decision to alter the motion judge's ruling and permit the photographs to be admitted into evidence at trial was well within the trial judge's discretion. See Gonzalez, supra.

3. Admission of the recording. The defendant also argues that the trial judge abused his discretion in admitting the audio recording and committed criminal violations of G. L. c. 272, § 99, the statute proscribing wiretapping (wiretap

4

statute), by playing the recording in the courtroom.  We disagree.

The defendant does not challenge the plaintiffs' representation that Brown created the recording accidentally. However, he contends that an accidental recording can still be a secret recording, and therefore an "interception" within the meaning of the wiretap statute.  The defendant then argues that G. L. c. 272, § 99 (C) (3), which categorizes willfully using a recording made through interception as a misdemeanor, applied here and mandated that the trial judge exclude the recording.

We conclude that based on the trial judge's uncontested finding that the recording was not willful, the wiretap statute's proscriptions do not apply.  See G. L. c. 272, § 99. The defendant provides no case law in support of his contention that an accidental recording, of which no party was aware at the time, is an unlawful, "secret" recording within the meaning of G. L. c. 272, § 99.  The two cases cited by the defendant, Pine v. Rust, 404 Mass. 411, 413-414 (1989), and Vita v. New England Baptist Hosp., 494 Mass. 824, 825, 835 (2024), offer no support for his argument, as they involve a defendant intentionally hiding a tape recorder in her purse and a defendant intentionally tracking a web user's browsing data, respectively. Even if we accepted the defendant's assertion that the recording was an "interception," the wiretap statute provides suppression

as a remedy only for "defendant[s] in a criminal trial."  G. L. c. 272, § 99 (P); see Commonwealth v. Rainey, 491 Mass. 632, 638-639 (2023) (wiretap exclusionary rule not applicable to probation proceedings because they are not criminal trials). While the statute creates a private right of action as a potential remedy, it makes no mention of exclusion in a civil trial.  See G. L. c. 272, § 99.  Furthermore, even in those criminal cases where the wiretap statute's suppression provision applies and gives a defendant standing to move to suppress, exclusion of an interception is not required.  See Commonwealth v. Santoro, 406 Mass. 421, 423 (1990) (judge has discretion not to suppress unlawful interceptions, such as where no deterrent purpose would be served by exclusion).  Because the wiretap

statute did not require the judge to exclude the recording, he did not abuse his discretion by admitting it as evidence at the trial.[3]

Judgments affirmed.

By the Court (Desmond, Hershfang & Brennan, JJ.[4]),

Clerk

Entered:  May 5, 2026.

---

[3] The plaintiffs' request for attorney's fees incurred in defending this appeal is denied.  Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

[4] The panelists are listed in order of seniority.