COMMONWEALTH *vs.* GEORGE McINTOSH.    November 28, 1980.    The defendant was convicted by a Superior Court jury of burning a dwelling

house (G. L. c. 266, § 1). On appeal, he claims error in the denial of his motion for a required finding of not guilty and in the prosecutor's closing argument.

1. The judge did not err in denying the motion for a required finding of not guilty. There was evidence that the defendant was acquainted with the second floor tenant who had been evicted by the building's owner after a troublesome tenancy; that the doors to the building and the second floor apartment were unlocked so that anyone could obtain access to the apartment; that the second floor unit had been cleaned out and all the utilities servicing it had been shut off; that six people were living in the building on the morning of the incident; that the defendant was observed outside the building about 5:00 A.M. on that day acting suspiciously; that a fire in a burning cloth was discovered in the kitchen of the apartment about 6:00 A.M. and extinguished by the owner; that newspapers which had been on fire but which appeared to have burned out were discovered in the bedroom; that the defendant was apprehended by the owner in the hallway carrying folded newspapers; and that the defendant when questioned by the owner on why he was in the building at such an early hour had responded, "I didn't do that." There was also expert testimony from an arson investigator that the fires in the kitchen and in the bedroom had been purposely set. Under the relevant standards (*Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979]; *Commonwealth* v. *Walter*, *ante* 255, 257 [1980]), the jury properly could have concluded that the defendant had been in the building and the second floor apartment for over an hour, and that he had wilfully and maliciously set the two fires. See *Commonwealth* v. *Rhoades*, 379 Mass. 810, 816-817 (1980); *Commonwealth* v. *Harris*, 1 Mass. App. Ct. 265, 270-272 (1973), *S.C.* 364 Mass. 236 (1973). There was also sufficient evidence of charring to the kitchen floor to establish the element necessary for proof of arson that the structure be burned in some way. See Nolan, Criminal Law § 422 (1976).

2. The opinion of the Commonwealth's arson investigator that both fires were deliberately set was based on facts in evidence and was otherwise competent. See *Commonwealth* v. *Harris*, 1 Mass. App. Ct. at 268-272. His response to the last question asked on recross-examination that the fires could have started by accident did not render his opinion speculative. His answer to the next question asked in redirect examination clearly expressed the opinion that the fires under investigation could not have occurred accidentally and were incendiary in origin.

3. We can find nothing in the prosecutor's closing argument which would warrant reversal. The argument that the defendant's actions might have been motivated by retaliation for the tenant's eviction was met at the critical point by an objection. The judge promptly told the prosecutor (presumably within the jury's hearing) that there was no evidence of motive in the case and that he should "go on to something

else." Defense counsel did not seek further relief. We think that the objection was properly handled and that the defense case suffered no harm. The prosecutor's remark that the defendant had surreptitiously parked his automobile around the corner to avoid detection may have argued an inference which was not based on the evidence. No objection was made to the comment. After review of the entire argument it appears to us to have been an inadvertent comment on a relatively collateral issue which was of little consequence in the case. See *Commonwealth* v. *Nordstrom,* 364 Mass. 310, 316 (1973). The prosecutor's argument that the fires if left undetected could have become "awesome . . . deadly and destructive . . . [with] the potential . . . for absolute disaster" was designed to counter the defendant's line of argument that the fires were relatively minor in nature and unlike a true arson which is an "awesome . . . very frightening kind of . . . crime [that] raise(s) goose pimples on your flesh." Defense counsel failed to object to the prosecutor's remarks. We do not view the argument as constituting an improper or overbearing attempt at fighting fire with fire. Looked at in context, the portion of the summation now criticized for the first time on appeal forcefully argued the evidence and fair inferences that could be drawn from the evidence. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). Any rhetorical excesses in the argument were put into proper perspective by the judge's charge. See *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 538 (1971); *Commonwealth* v. *Burnett,* 371 Mass. 13, 18-19 (1976); *Commonwealth* v. *King,* 4 Mass. App. Ct. 833, 834 (1976).

*Judgment affirmed.*

*Milly Whatley* for the defendant.
*Matthew L. McGrath,* Legal Assistant to the District Attorney (*Kevin Connelly,* Assistant District Attorney, with him) for the Commonwealth.