COMMONWEALTH vs. ROBERT L. ACHORN.

No. 86-1318.

Middlesex. September 15, 1987. — January 8, 1988.

Present: GREANEY, C.J., CUTTER, & WARNER, JJ.

*Indecent Assault and Battery. Assault with Intent to Rape. Practice, Criminal,*
Argument by prosecutor. *Constitutional Law,* Assistance of counsel.
*Evidence,* Fresh complaint, Medical record, Testimony before grand
jury.

At the trial of indictments for sexual offenses involving a four year old victim
in which credibility was the main issue, no substantial risk of a miscar-
riage of justice was created by the prosecutor's remarks on the child's
credibility where, in the context of a factually based argument on the
victim's demeanor, appearance and testimony, the prosecutor did not
vouch for the victim's credibility but rather stressed the role of the jury
to determine who had told the truth. [250]

At the trial of a criminal case, error, if any, in the prosecutor's closing re-
marks on the victim's credibility was rendered harmless by the judge's
forceful and specific instructions to the jury [250-251]; and other alleged
errors in the prosecutor's argument were without merit [251-252].

At a criminal trial, defense counsel's failure to object to the prosecutor's
closing argument did not constitute ineffective assistance of counsel,
where the argument did not create a risk of a miscarriage of justice. [252]

At a criminal trial, defense counsel's failure to object to fresh complaint tes-
timony, which was properly admitted and on which the judge gave clear
and correct instructions, did not constitute ineffective assistance of coun-
sel. [252-253]

At a criminal trial, defense counsel's successful opposition to the introduction
of a portion of the victim's medical record that contained fresh complaint
material, but which also contained evidence of the victim's bias against
the defendant, was a tactical judgment that was not unreasonable in the
circumstances and did not constitute ineffective assistance of counsel.
[253]

On appeal from convictions of sexual offenses, in raising the issue of ineffec-
tive assistance of counsel, the defendant did not demonstrate that better
work on the part of the trial counsel with respect to the jury's use of
grand jury testimony might have accomplished something material for
the defense. [253-254]

INDICTMENTS found and returned in the Superior Court Department on March 20, 1985.

The cases were tried before *Robert A. Barton,* J.

*Andrew Silverman,* Committee for Public Counsel Services, for the defendant.

*Catherine E. Sullivan,* Assistant District Attorney, for the Commonwealth.

WARNER, J. After a jury trial, the defendant was convicted of indecent assault and battery on a child under the age of fourteen and on so much of an indictment for rape of a child as charged assault with intent to rape. On appeal, the defendant, with new counsel, challenges portions of the prosecutor's closing argument and claims that he received ineffective assistance of trial counsel.

1. *Prosecutorial misconduct.* No objection was made to the prosecutor's closing argument, and so our review is confined to a determination whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978).

The Commonwealth's case rested principally on the testimony of the victim, the defendant's daughter, who was five years old at the time of trial. The victim testified to several instances of sexual abuse which occurred during visitations with the defendant at a time when the victim was about four and one-half years old. There was also fresh complaint testimony of the defendant's separated wife, the mother of the victim, and of a physician. The latter was unable to say whether there had been penetration.

The defendant denied having sexually abused the victim. He also offered the testimony of two witnesses to show lack of opportunity. In his testimony, the defendant suggested that the charges were fabricated, at the prompting of his wife, because of a divorce and potential custody dispute between them.

The task for the jury on the case as presented to them essentially was to resolve questions of the credibility of the victim and of the defendant. The defendant argues that the prosecutor exceeded the bounds of proper argument by suggesting that a

five year old girl (the victim) is incapable of lying about sexual abuse. In particular, the defendant complains about those isolated portions of the prosecutor's argument which are set out in the margin and which are italicized.[1]

The defendant first contends that it was improper for the prosecutor to comment on the victim's credibility without an evidentiary foundation as to the truth-telling proclivity of children in sexual abuse cases. That foundation, he says, could only come from expert testimony. The fatal flaw in this argument is that such testimony would not have been admissible. See *Commonwealth* v. *Ianello,* 401 Mass. 197, 199-203 (1987).

The defendant next argues that the prosecutor's remarks suggested that the jury could infer the truth of the victim's accusations from the fact that they were made, i.e., that a young child does not make such accusations unless they are true. See *Commonwealth* v. *Fuller,* 22 Mass. App. Ct. 152, 158 (1986), *S.C.,* 399 Mass. 678 (1987). "In analyzing whether an [allegedly]

---

[1] "Now, I also asked you to keep your common sense, your God-given common sense; and doesn't your common sense tell you that *little five-year-old girls do not lie about things like this*? Doesn't your common sense tell you that *a five-year-old girl who is an innocent and pure little child is not capable of such deceit and deception.*

"Some of you are parents, some of you may even be grandparents, and some of you not so long ago were children. *Does it make sense, is it believable, is it credible that a five-year-old child could say the things that [the victim] told you if they weren't true?*
". . . .
"Common sense, ladies and gentlemen of the jury. Common sense as parents, as adults, as grandparents; is a child capable of deceit, of such deception, *or is a child only capable of telling you what they feel and what really happened to them.*
". . . .
"Let's not forget, ladies and gentlemen, this case is about a five-year old girl who was four years old at the time when these things happened to her. *Let's not forget that.*
". . . .
"As I indicated to you before, members of the jury, the Commonwealth is looking for justice and what is justice? *Justice is truth and does the truth lay* [sic] *in the testimony of [a] five-year old child or does the truth lay* [sic] in the *testimony of a 45-year-old man?*"
These comments were not delivered in sequence by the prosecutor but were made in the context which will be discussed in the text of this opinion.

improper remark is prejudicial or presents a risk of a miscarriage of justice, the remark must be considered in the context of the prosecutor's entire argument, as well as in light of the judge's instruction to the jury and the evidence at trial." *Commonwealth* v. *Fitzgerald,* 376 Mass. at 416.

We look first to the prosecutor's argument as a whole. The prosecutor began by telling the jury that closing arguments were not evidence. She then announced the theme of her argument: that the jury's function was to determine who had told the truth and, in so doing, they should bring to bear their common sense. Such an evocation was entirely proper.[2] See *Commonwealth* v. *Haraldstad,* 16 Mass. App. Ct. 565, 574 (1983), and cases cited. When read in the setting the prosecutor established and in the context of her factually based argument on the victim's demeanor while a witness, the circumstances in which she testified, the manner in which she testified and the content of her testimony, the challenged remarks appear as proper rhetorical questions which were complemented by others throughout the argument. See *Commonwealth* v. *Fitzgerald,* 376 Mass. at 421. The prosecutor did not vouch for the credibility of the victim; she stressed the role of the jury as assessors of credibility. "It is not improper to make a factually based argument that, due to the demeanor, disclosed circumstances, and appearance of a witness, a particular witness should be believed or disbelieved." *Commonwealth* v. *Kozec,* 399 Mass. 514, 521 (1987). Viewing the argument as a whole, we find no substantial risk of a miscarriage of justice.

Even if the prosecutor could be said to have sailed too close to the wind, the judge's forceful and specific instructions rendered any error harmless. See *Commonwealth* v. *Shelley,* 374 Mass. 466, 470-471 (1978); *Commonwealth* v. *Bourgeois,* 391 Mass. 869, 884-885 (1984); *Commonwealth* v. *Kozec, supra* at 518. At the outset of trial, immediately before the closing arguments and in his final instructions, the judge told the jury that arguments of counsel did not constitute evidence. In his

---

[2] Indeed, in his closing argument, which preceded the prosecutor's, the defendant's counsel called on the jury to use their "common everyday knowledge, experience, and sense" in evaluating credibility.

final instructions, the judge advised the jury that they were the "sole judges of credibility" and that it was their responsibility to resolve conflicts in the evidence. He offered a list of considerations in determining credibility:

> "the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see and to know facts concerning which he or she is testifying to, and the accuracy of the witness's recollection and the degree of intelligence shown by the witness."

The judge then suggested that the jury could consider a witness's motive for testifying, interest in the outcome of the case, character, appearance and bias. Then the judge gave a focused instruction (set out in full in the margin[3]) on the determination of the victim's credibility.

Finally, it is apparent that the jury were discriminating in their assessment of the credibility of the victim. While they returned a guilty verdict on the indictment charging indecent assault and battery, they found the defendant guilty on the rape indictment only on the lesser included offense of assault with intent to rape. See *Commonwealth* v. *Kozec, supra* at 517.

We comment briefly on other complaints about the prosecutor's argument. The prosecutor's misstatement of her questioning of a defense witness in terms of whether the witness told the victim that the former was going to testify "against" the

---

[3] "As in the case of all other witnesses, *you are the sole judges of the credibility of the child who has testified in this case.* In weighing her testimony, you may not only consider her ability but also her demeanor on the stand, the manner of testifying, capacity to observe facts and capacity to recollect them, the ability to understand the questions put to her and to answer those questions intelligently, *whether the child impressed you* as having an accurate memory and recollection and *as being a truth-telling individual,* and any other fact and circumstances bearing on her credibility. *You should give the testimony such weight as in your judgment it is fairly entitled to have"* (emphasis supplied).

victim and "for her Daddy" was harmless in the circumstances.
The characterizations of this witness as "some friend" and
"perhaps a misdirected young lady, a young girl who is con-
fused as to where her alliance should be," were fair comments
on the evidence. Indeed, the prosecutor exercised restraint in
her discussion of the relationship of the witness and the defend-
ant. The defendant's argument that the prosecutor exploited
the absence of evidence she had succeeded in excluding, see
*Commonwealth* v. *Haraldstad,* 16 Mass. App. Ct. at 568, —
that the defendant's wife knew this witness would testify —
is without merit. Nothing in the defendant's offer of proof on
the subject indicated that either the wife or the victim knew
that the witness would testify at trial.

2. *Ineffective assistance of counsel.* In reviewing a claim
of ineffective assistance of counsel, we look to see whether
there has been "serious incompetency, inefficiency, or inatten-
tion of counsel — behavior of counsel falling measurably below
that which might be expected from an ordinary fallible lawyer"
and if this conduct has "likely deprived the defendant of an
otherwise available, substantial ground of defence." *Common-
wealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

(a) What we have already said disposes of the claim with
respect to defense counsel's failure to object to the prosecutor's
closing argument.

(b) There was no error in the admission of the fresh com-
plaint testimony of the mother of the victim and of the examin-
ing physician. The approximately five-month period between
the last incident of alleged abuse and the victim's complaint
was reasonable in light of the victim's age (four and one-half
years old at the time of the incidents), her relationship to the
defendant, the evidence of her fear of the defendant and that
the defendant told her to keep the incidents a "secret." See
*Commonwealth* v. *Comtois,* 399 Mass. 668, 672 n.9 (1987);
*Commonwealth* v. *Brenner,* 18 Mass. App. Ct. 930, 931-932
(1984). The judge gave clear and correct instructions on the
use of such evidence for corroboration only, both when the
evidence was received and in his final charge. In the latter
instructions, the judge made clear that the jury could reject the

testimony if they found that the complaints were not made with reasonable promptness. In his closing argument, the defendant's counsel stressed the victim's delay in making any complaint in urging the jury's rejection of the victim's account. In these circumstances, there was not ineffective assistance of trial counsel in the failure to object to the admission of the fresh complaint testimony at the hearing on the Commonwealth's motion in limine or at trial. Counsel are not required to make an objection which has no reasonable likelihood of success. See *Commonwealth* v. *Boutwell,* 21 Mass. App. Ct. 201, 209 (1985). We cannot say "that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977).

. · (c) The defendant contends that trial counsel was ineffective in acquiescing in the exclusion of a note in the victim's medical record that "[the victim] expressed considerable concern . . . over having witnessed her father striking her mother." The mother testified to the incident. A defense witness testified in more specific terms to the child's unwillingness to be with the defendant because of it. Defendant's counsel had successfully opposed the introduction of two pages of fresh complaint material in the hospital record within which the disputed note appeared. The judge indicated that admissibility of the two pages was an all or nothing proposition. We cannot say that counsel's agreement to the exclusion of the note was ineffective representation for the reason, if no other, that his action appears to have been a tactical judgment which was not "manifestly unreasonable."[4] *Commonwealth* v. *Drayton,* 386 Mass. 39, 41 (1982). *Commonwealth* v. *McMaster,* 21 Mass. App. Ct. 722, 734 (1986).

(d) Any misjudgment by defense counsel in suggesting that the judge instruct the jury that prior testimony of the mother before a grand jury could be considered for substantive purposes was harmless. (As to the admissibility of such testimony for substantive purposes, see *Commonwealth* v. *Daye,* 393 Mass.

---

[4] This is no less so because of counsel's deferential style, exhibited here and at other times during the trial.

55, 65-75 [1984].) The judge instructed the jury that they could consider the prior grand jury testimony for substantive and impeachment purposes. In cross-examination of the mother, defense counsel probed briefly her grand jury testimony in an attempt to establish that she had not there testified to complaints prior to August of 1984 by the victim about vaginal irritation. In so doing, he brought out that the mother had testified that in August of 1984 the child had made an initial complaint attributing redness in her vaginal area to conduct of the defendant. At trial, the mother testified to the same event but also to the victim's immediate recantation of the accusation against the defendant; the mother did not pursue the complaint. Defense counsel's effort to establish inconsistencies in testimony were largely unsuccessful. There was graphic substantive and corroborative evidence of sexual abuse. Again, on our review of the entire record, we cannot say "that better work [on the issue of the proper use of grand jury testimony] might have accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. at 115.

*Judgments affirmed.*