COMMONWEALTH vs. STEVEN SPENCE.

No. 93-P-1773.

Middlesex. November 16, 1994. - January 27, 1995.

Present: SMITH, KAPLAN, & PORADA, JJ.

*Evidence*, Fresh complaint, Sexual conduct, Grand jury proceedings. *Indecent Assault and Battery. Child Abuse. Practice, Criminal*, Argument by prosecutor.

At the trial of an indictment for indecent assault and battery on a child under fourteen, evidence of a "fresh complaint" told to a social worker some fifteen months after the alleged incident should not have been admitted, however, the defendant for sound tactical reasons explicitly waived any objection at trial and could not now raise an objection on appeal. [89-90]

Prejudice, if any, to a criminal defendant occasioned by the prosecutor's closing remarks was cured by the judge's specific and forceful instructions given immediately following the remarks. [90]

Presentation of a videotape to a grand jury as the sole evidence of an incident of sexual abuse of a child, while not the preferred method, did not constitute error. [91]

INDICTMENT found and returned in the Superior Court Department on June 20, 1990.

The case was tried before *David M. Roseman*, J.

*Donnalyn B. Lynch Kahn* for the defendant.

*Barbara F. Berenson*, Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was charged with rape of a child under sixteen and indecent assault and battery of a child under fourteen. A jury in the Superior Court acquitted him of the rape charge but convicted him of the indecent assault and battery charge. The defendant now appeals his indecent assault and battery conviction on the grounds that (1) the trial judge should not have admitted as fresh complaint evidence a complaint made by the alleged victim fif-

teen months after the incident; (2) the prosecutor's argument was so improper as to require reversal; and (3) the indictment should have been dismissed where it was based solely on a videotape of the complainant's testimony about the alleged incident. We affirm.

1. *Fresh complaint evidence.* During the trial, the jury heard testimony from a social worker that the complainant had disclosed to her that the defendant had sexually assaulted her. At the outset of the trial, the defendant had filed a motion in limine to bar this testimony but had waived the motion when the judge ruled he would allow the defendant to introduce evidence that the complainant had engaged in sexual intercourse with her boy friend and had been diagnosed as having gonorrhea. During the trial, when the evidence of the alleged fresh complaint was introduced the defendant initially objected and then withdrew his objection. Thereafter, through his cross-examination of the social worker, defense counsel made skillful use of this evidence by obtaining an admission from the social worker that the complainant disclosed this information only after the complainant had been caught spending the night with her boy friend and had been diagnosed as having gonorrhea. In addition, defense counsel was able to elicit from the social worker that the complainant stated she may have only dreamed the whole incident. All of this testimony strengthened the defendant's contention at trial that the complainant fabricated her story in order to deflect blame from herself and her boy friend for their sexual activity.

Since the complainant was eleven at the time of the alleged incident, was not related to the defendant or engaged in an ongoing relationship with him of any nature, and did not allege that she feared him or was told not to tell, we conclude the complaint made some fifteen months after the alleged incident should not have been admitted as a fresh complaint. *Commonwealth* v. *Swain,* 36 Mass. App. Ct. 433, 439-442 (1994). Cf. *Commonwealth* v. *Perreira, post* 901 (1995). Nevertheless, we conclude the defendant for sound tactical reasons explicitly waived any objection to the admis-

sion of this evidence at trial on those grounds. Having reaped the benefit of this testimony at trial,[1] he cannot change tactics on appeal. *Commonwealth* v. *Merola*, 405 Mass. 529, 539 (1989). *Commonwealth* v. *Lazarovich*, 410 Mass. 466, 476 (1991).

2. *Prosecutor's closing argument.* The defendant claims the prosecutor's argument raised emotional issues regarding child sexual abuse and insinuated to the jury that it was their duty to punish the defendant for this terrible crime. The defendant bases his argument on the following portions of the prosecutor's closing and the judge's response to it.

"And as hard as that is to believe, ladies and gentlemen, this is the nineties. And you all know from your personal experience and your common sense . . . ." Defense counsel objected at this point and the objection was sustained. The prosecutor continued, "It's hard, ladies and gentlemen, to believe that child abuse occurs these days, but it does. We're in the nineties." Defense counsel again objected. The judge sustained the objection, told the jury that the argument was improper, and instructed them as follows: "What we are concerned about — what you are concerned about is only the matters that you heard here today. The questions of the nineties are totally irrelevant." Following this instruction, the prosecutor apologized to the court for her remarks.

Under those circumstances, we do not consider the prosecutor's remarks to be so flagrant that they rise to the level of reversal. Cf. *Commonwealth* v. *Smith*, 387 Mass. 900, 910-911 (1983); *Commonwealth* v. *Ward*, 28 Mass. App. Ct. 292, 295 (1990). Any prejudice to the defendant was cured by the judge's specific and forceful instructions given immediately following the prosecutor's remarks. *Commonwealth* v. *Achorn*, 25 Mass. App. Ct. 247, 250 (1988). In addition, the prosecutor apologized for her remarks in front of the jury, which should have lessened any impact that her words may have had on the jury.

---

[1] We note that the defendant was acquitted of the charge of rape.

3. *Grand jury evidence.* The only evidence presented to the grand jury about the alleged incident was a videotape of the complainant. While we underscore that this is not the preferred practice in presenting evidence to a grand jury, there was no error in doing so. *Commonwealth* v. *Bishop*, 416 Mass. 169, 173-174 (1993).

*Judgment affirmed.*