COMMONWEALTH vs. DOMINIC J. SANTORO, JR.

Middlesex. November 8, 1989. - January 11, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Search and Seizure*, Expectation of privacy, Standing to object, Affidavit, Probable cause. *Probable Cause. Eavesdropping. Evidence*, Telephone conversation, Sound recording.

A criminal defendant had no standing to challenge the lawfulness of a search of premises in which he had no expectation of privacy, and information unconstitutionally seized from those premises could lawfully be used to support the issuance of a search warrant for the defendant's home. [422]

At a criminal trial the defendant was not entitled to the suppression of certain telephone conversations in which he participated, which had been recorded by a private individual in violation of G. L. c. 272, § 99. [423-424]

COMPLAINT received and sworn to in the Somerville Division of the District Court Department on April 23, 1985.

On transfer to the jury session of the Cambridge Division a pretrial motion to suppress evidence was heard by *Arlyne F. Hassett*, J., and the case was heard by *Ronald D. D'Avolio*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William R. Marino* for the defendant.

*Michael Fabbri*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. Convicted of being present where betting apparatus was found (G. L. c. 271, § 17 [1988 ed.]), the defendant challenges the denial of his motion to suppress evidence seized in his home pursuant to a search warrant. He asserts that information on which the application for the search warrant was based was obtained as a result of (1) an

earlier unconstitutional search of other premises and (2) illegal recordings of telephone conversations (G. L. c. 272, § 99 [1988 ed.]). The motion to suppress was properly denied. We affirm the conviction.

The police searched the premises of one Zarba in Revere pursuant to a search warrant that was later determined in another proceeding to have been issued without probable cause. The defendant argues that information unlawfully seized at the Zarba premises could not properly be used to support a finding of probable cause to search the defendant's premises in Medford. He also claims that telephone conversations in which he participated were unlawfully recorded at the Zarba premises and should have been suppressed because he did not know of or assent to the recordings. We shall assume in the defendant's favor that, had the allegedly unlawfully obtained evidence not appeared in the affidavit in support of the warrant to search his premises, that affidavit would have failed to show probable cause. The defendant makes no argument, however, that, taken in its entirety, the affidavit failed to show probable cause.

The defendant was not present when the Revere search was conducted, and he had no interest in the premises or in the items seized in the Revere search. He lacks standing under both the Constitution of the United States and the Constitution of the Commonwealth to challenge that search because he had no reasonable expectation of privacy in the Revere premises. See *Rakas* v. *Illinois*, 439 U.S. 128, 140-150 (1978); *Commonwealth* v. *Glowacki*, 398 Mass. 507, 512 (1986); *Commonwealth* v. *Simmons*, 383 Mass. 46, 53-56 (1981). The fact that the Revere search was held to have been unlawful in proceedings against others who had standing to challenge the lawfulness of that search does not aid the defendant.[1] The suppression order in the other proceedings was not an in rem suppression of evidence.

---

[1]In *Commonwealth* v. *Manning, post* 425 (1990), we consider arguments, not made in this case, concerning the right of a defendant to rely on a violation of the constitutional rights of another.

The defendant argues that, in any event, telephone conversations between a person at the Revere premises and him were recorded at the Revere premises in violation of G. L. c. 272, § 99. Tape recordings of these conversations were seized in the Revere search. Following the issuance of a second search warrant, the police listened to and transcribed the tape recordings. The police were not involved in intercepting those conversations. On the other hand, § 99 also forbids the interception of certain oral communications by private individuals (see § 99 C 1), such as a secret recording (see § 99 B 4).

The defendant has explicit statutory standing to move to suppress the contents of the unlawfully intercepted communications. § 99 P ("Any person who is a defendant in a criminal trial in a court of the commonwealth may move to suppress the contents of any intercepted wire . . . communication or evidence derived therefrom, for the following reasons: 1. That the communication was unlawfully intercepted"). Section 99 does not, however, require the suppression of all communications intercepted in violation of its provisions.[2] The Legislature has left it to the courts to decide whether unlawfully intercepted communications must be suppressed.

Exclusionary rules generally are intended to deter future police conduct in violation of constitutional or statutory rights. However, no police or governmental conduct was involved in the recording of these telephone conversations. A private individual, apparently engaged in unlawful activity himself, recorded the defendant's conversations in violation of § 99. No deterrent purpose would be served by suppressing the intercepted conversations. The exclusionary rule was not designed to protect persons from the consequences of the unlawful seizure of evidence by their associates in crime. See § 99 A (preamble). Indeed, a contrary result would aid criminals by assuring that, in many instances, telephone calls

---

[2]Section 99 O, on the other hand, does forbid introduction of evidence related to intercepted communications at trial unless the Commonwealth gives certain notices to the defendant.

they might unlawfully record could not be used as incriminating evidence.[3]

*Judgment affirmed.*

---

[3]In *Commonwealth v. Jackson*, 370 Mass. 502 (1976), we considered the denial of a motion to suppress recorded telephone conversations between the victim's brother, a private citizen who made the recordings, and the defendant. We concluded that, because the defendant knew the recordings were being made, there was no secret recording amounting to an interception in violation of § 99. *Id.* at 507. We did not have to consider whether suppression would have been required if there had been a violation of § 99. Nothing we decide here is inconsistent with our conclusion in the *Jackson* case.