COMMONWEALTH *vs.* JAMES CROWLEY (and eight companion cases[1] ). No. 97-P-168. September 8, 1997. *Constitutional Law,* Evidence obtained by private party. *Evidence,* Tape recording. *Search and Seizure,* State action, Electronic surveillance.

The Commonwealth appeals from an order of a Superior Court judge allowing the defendants' motions to suppress evidence on the ground that the judge's application of G. L. c. 272, § 99 P, to evidence provided by a private individual was error.

We summarize the judge's findings. A boarder in the defendants' home secretly made tape recordings of the defendants' beating their seven year old daughter. The boarder activated the recorder whenever he heard the beatings. The recording equipment was always placed entirely within the confines of the boarder's room, and it recorded only sounds heard inside the room. The boarder had exclusive possession of his room. The tapes were turned over to police, who, the judge found, played no part in their creation and first learned of their existence when they were turned over by the boarder. Based on these findings, the judge concluded there was no State action involved. *Commonwealth* v. *Brzezinski,* 405 Mass. 401, 405 (1989). She then correctly concluded that, in the absence of State action, there could be no violation of the Fourth Amendment to the United States Constitution or art. 14 of the Massachusetts Declaration of Rights. See *District Attorney for the Plymouth Dist.* v. *Coffey,* 386 Mass. 218, 221 (1982).

The judge nevertheless did conclude, and the Commonwealth concedes, that the tapes were made in violation of G. L. c. 272, § 99 B 4 [2] and (C). We are not bound by the Commonwealth's concession and do not decide today whether a tape recording of the audible outcries of a child being beaten is proscribed by § 99 C under the specific facts of this case and when no telephonic device that would implicate the commerce clause was used. The judge then ruled that § 99 P required suppression of the tapes. The Commonwealth argues that that ruling was erroneous, and we agree.

Section 99 P does not create a statutory remedy of suppression. Nor does it mandate that all unlawfully intercepted communications should be suppressed. It merely gives a defendant in a criminal case standing to seek suppression of evidence obtained in violation of § 99. *Commonwealth* v. *Santoro,* 406 Mass.

[1]Five of the companion cases are against James Crowley; three are against Lisa Crowley.

[2]General Laws c. 272, § 99 B 4, defines "interception" as meaning, inter alia, to "secretly record the contents of any wire or oral communication through the use of any intercepting device . . . ." Section 99 B 3 defines an "intercepting device" as including "any device or apparatus which is capable of . . . recording a wire or oral communication. . . ." Section 99 B 2 defines "oral communication" as "speech, except such speech as is transmitted over the public air waves by radio or other similar device." All quoted portions of § 99 B are as inserted by St. 1968, c. 738, § 1.

421, 423 (1990). "The Legislature has left it to the courts to decide whether unlawfully intercepted communications must be suppressed." *Ibid.* The exclusionary rule was fashioned to deter official misconduct that subjects people to unreasonable searches and seizures or violations of statutory rights. It applies only to government action; it does not reach purely private conduct, as here. *Ibid.* See also *Commonwealth* v. *Leone*, 386 Mass. 329, 333 (1982). There was no basis for invoking the exclusionary rule in this case to suppress the tapes, and § 99 P alone does not provide a mechanism for suppression.

The order of the Superior Court allowing the defendants' motions to suppress is vacated.

*So ordered.*

*David A. Deakin*, Assistant District Attorney, for the Commonwealth.

*John G. Tardif* for Lisa Crowley.

*Jeffrey C. LaPointe* for James Crowley.