Fremont-Smith, J.
Defendant seeks to suppress various e-mail and other communications from and to him which were conveyed by America Online (AOL) and retrieved from the alleged victim’s laptop computer and from AOL’s computer in Virginia. Based upon all of the credible evidence, the Court makes the following findings and rulings.
Sometime in 1998, Michael D. purchased a laptop computer for his son, Joseph, who was then 13 years old, to assist him in his school work. Although Joseph considered the computer to have been a gift to him from his father, the father paid for the computer and the AOL subscription, and Joseph consented and understood that his father and sister might use the computer from time to time when Joseph was not using it. Although the computer was located in Joseph’s bedroom, it was his father’s wont to enter his son’s bedroom after Joseph was asleep to use the computer in the late evening in connection with Michael’s work. While doing this on the evening of December 14, 1998, an “Instant Message” addressed to his son’s call name appeared from a person call named “ShavedMA.” Although Michael did not copy the message and cannot remember its exact content, he was concerned that it struck him as being sexual in nature. He then searched the computer for stored e-mail messages to Joseph, some of which were from “ShavedMA.” Michael then sent a message to “Shaved-MA,” using his son’s call name. In reply, he received an explicit sexual message from “ShavedMA” which alluded to a previous sexual encounter with Joseph in Joseph’s bedroom while his father was away, and which sought to arrange a time and place for another encounter. Michael also discovered, in his son’s bureau drawer, a piece of paper with “ShavedMA’s” home phone number. Michael then called the Lowell police, who arrived at the home, and he provided them with a print-out of the messages and defendant’s home phone number. Based upon this information, the Lowell police identified defendant and obtained a search warrant for the search of his home, and obtained a separate search warrant in Virginia for a search of AOL’s computer records pertaining to the defendant.
In conjunction with the Lowell police, Michael had also attempted on December 16, by way of the computer, to arrange a further meeting with the defendant. The December 16 communication with “ShavedMA” was intended to confirm the proposed meeting with Joseph.[1] This message and “ShavedMA” ‘s response[2] were not used as a basis for the application for either warrant.
Discussion
Defendant argues that the e-mail communications should be suppressed because the alleged victim’s father, in violation of his constitutional rights against an unreasonable search and seizure and in violation of the anti-wiretapping statute, G.L.c. 272, §99, intercepted e-mail communications between the defendant and the alleged victim without the defendant’s consent.
There was no constitutional violation where, as here, the police were not involved in the alleged e-mail communications on December 14-15, 1998
With respect to defendant’s contention that the communications were obtained without a warrant in violation of his constitutional rights against unreasonable search and seizure, “evidence discovered and seized by private parties is admissible without regard to the methods used, unless State officials have instigated or participated in the search.” Commonwealth v. Leone, 386 Mass. 329, 333 (1982). Here, however, as noted, on the evening of December 14, 1998, Michael read an e-mail sent from the defendant to the “Chiefy 17" account. After reading this message, Michael, of his own accord, replied to the e-mail message and subsequently received a further response from the defendant. Only at this point did Michael call the police and provide them with a copy of the messages to and from the defendant. Thus, Michael, acting as a private citizen and a concerned parent, sent an e-mail and received a response to that message, without the advice, direction, or even the knowledge of the police. As the police in no way were involved in these communications, the evidence provided to the police by Mi *552 chael regarding the December 14-15, 1998 e-mail communications is not inadmissible as violative of defendant’s constitutional rights. See Commonwealth v. Richmond, 379 Mass. 557, 561-62 (1980) (denying motion to suppress letter sent by the defendant to the victim and subsequently opened by the victim’s mother, where the mother asked the police if she should open the letter and the police responded that she could open the letter if she thought it was in the best interests of her child).
The police were, however, involved in the December 16, 1998 e-mail communications from Michael to the defendant, to which the defendant subsequently responded. Accordingly, these communications will be suppressed. See Leone, 386 Mass. at 333 (evidence is inadmissible when “State officials have instigated or participated in the warrantless search”). However, as the police did not rely on the December 16 communications as a basis for obtaining the search warrants,[3] the warrants were not tainted, and any evidence obtained pursuant to the warrants will not be suppressed.
There was no violation of G.L.c. 272 such as would warrant suppression
Defendant further argues that even if this court finds that no state action was involved in the December 14-15 e-mail communications, this Court should still suppress this evidence because there was a violation of G.L.c. 272,[4] and under §99(P), criminal defendants have standing to seek suppression of communications unlawfully intercepted by private individuals. Commonwealth v. Santoro, 406 Mass. 421, 423 (1990). As stated by the Massachusetts Appeals Court, however, even where there may have been a violation, “section 99P does not create a statutory remedy of suppression. Nor does it mandate that all unlawfully intercepted communications should be suppressed. It merely gives a defendant in a criminal cases standing to seek suppression of evidence obtained in violation of §99.” Commonwealth v. Crowley, 43 Mass.App.Ct. 919, 919 (1997), citing Santoro, 406 Mass. at 423. “The Legislature has left it to the courts to decide whether unlawfully intercepted communications must be suppressed.” Id. The Court in Santoro further pointed out that “[e]xclusionary rules generally are intended to defer future police conduct in violation of constitutional or statutory rights,” and that “a contrary result would aid criminals by assuring that, in many instances, telephone calls they might unlawfully record could not be used as incriminating evidence.” Id., at 423-24. The Court thus declined to suppress recorded telephone conversations which the defendant had participated in with his fellow associates in crime, where no deterrent purpose would be served by suppressing such evidence and suppression would be against public policy.
Similarly here, no deterrent purpose would be served by suppressing the December 14-15, 1998 e-mail communications (or the further evidence subsequently obtained as a result of those communications) and a contrary result would contravene public policy because it would “aid criminals by assuring that, in many instances, telephone calls [made by them but unlawfully recorded] could not be used as incriminating evidence.”
The Commonwealth further contends that G.L.c. 272, §99 is inapplicable in any event because no interception occurred here within the meaning of the statute. Although this would appear to be correct,[5] based on this Court’s above ruling, it is unnecessary to decide that issue.
ORDER
Accordingly, defendant’s motion to suppress is ALLOWED as to the December 16 communications but is otherwise DENIED.

 The message to ShavedMA was “goin to school late and playin bball at next door when I get home met me in parking lot of house at 3:30 gotta go to school.”

 The response was “Hey Joe: tried calling you every 20 minutes or so from 3:30-5:15! I even went by your apt. bldg. And the train station to see if you were waiting for me!! Was bummed cause I was really looking forward to seeing you today! Let me know ok??? Rob.”

 This is borne out by the warrant application, as well as by the testimony of the officers.

 G.L.c. 272, §99C1 makes unlawful an interception of a wire or oral communication by any person.

 In Commonwealth v. Vieux, 41 Mass.App.Ct. 526 (1996), the court held that a daughter’s use of an extension phone in her home to eavesdrop on a call between her mother and the defendant did not violate either 18 U.S.C. §2510-2520 or G.L.c. 272, §99, and quoted Commonwealth v. Todisco, 363 Mass. 445, 452 (1973) (”[t]he clear and obvious legislative intent [of G.L.c. 272 §99] was to prevent the illegal use of devices external and extraneous to the regular telephone equipment”). Id., 532-33. Similarly here, the victim’s father did not utilize any devices external and extraneous to the regular computer equipment. Out of concern for his son’s well-being, he merely read already transmitted messages from defendant and sent e-mail communications on a computer that he had given his son and that his son had given him permission to use. Accordingly, it appears doubtful that any interception occurred.