The defendant was charged by complaint with assault and battery on a child with injury. The defendant's initial attorney withdrew, and a subsequent attorney was appointed. After a hearing and a colloquy, the plea judge allowed the defendant to dismiss his second attorney and to proceed pro se with the second attorney acting as standby counsel. Thereafter, the defendant pleaded guilty to a reduced charge of assault and battery, and the portion of his sentence imposing incarceration was deemed served. As part of the plea, the prosecutor agreed to dismiss two new assault and battery charges prior to the defendant's arraignment on those charges.
About six weeks later, the defendant filed a motion to revise and revoke, which was heard by the plea judge, who treated it as a motion to withdraw, and denied it. The judge found that the Commonwealth had satisfied its burden to establish that the defendant's guilty plea was voluntary and intelligent. The defendant did not appeal the order denying this motion. Instead, more than two years later, the defendant filed a second motion to withdraw his guilty plea, which the plea judge denied without a hearing.
It is from the order denying this second motion to withdraw that the defendant appeals. On appeal, the defendant claims he was not adequately represented, his plea was not voluntary and intelligent, there existed newly discovered evidence that could have been used to impeach the victim's mother, and that a cellular telephone (cell phone) recording was an illegal wiretap. We affirm.
1. Adequacy of the guilty plea and counsel. The defendant claims that prior to or at the time of his guilty plea, he was not adequately represented and that his plea was coerced. We disagree. As an initial matter, the defendant was representing himself at the time of his plea as the plea judge had allowed him to do so after a colloquy. The defendant did have standby counsel, who the defendant acknowledged in his plea colloquy had acted in his "best interests," discussed possible defenses with him, and advised him as to the charges against him and the consequences of his plea. The defendant also swore that he had acted on the basis of no threats or promises, and entered his plea voluntarily. The plea judge was entitled to rely on the assertions the defendant had made in court, under oath, in denying his motion to withdraw his guilty plea. See Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 638-641 (2007).
In any event, the defendant's claim that he received ineffective assistance of standby counsel is of no avail. There is no constitutional right of a defendant to represent himself and have counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ; Commonwealth v. Brown, 378 Mass. 165, 176 (1979). In fact, the Supreme Judicial Court rejected the proposition that there is a constitutional right to a minimum level of assistance from standby counsel. Commonwealth v. Molino, 411 Mass. 149, 152 (1991). As the defendant chose to represent himself, he may not now raise a claim of ineffective assistance of counsel. Commonwealth v. Jackson, 419 Mass. 716, 720 (1995).
2. Wiretap. The defendant also claims he was prevented from pursuing a motion to suppress the evidence of a cell phone video recording taken by the victim's mother in support of the two new charges of assault and battery. We disagree. This claim is waived as it could have been, but was not, raised in the defendant's first motion challenging his guilty plea. See Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001); Commonwealth v. Deeran, 397 Mass. 136, 142 (1986).
Even if it were not waived, no relief would be available to the defendant because his two new assault and battery charges were dismissed as part of his negotiated plea deal. In any event, any motion to suppress on illegal wiretap grounds would have been denied as there was no State action in the gathering of the evidence. See Commonwealth v. Santoro, 406 Mass. 421, 423-424 (1990) ; Commonwealth v. Barboza, 54 Mass. App. Ct. 99, 103-105 (2002).
3. Newly discovered evidence. Finally, the defendant claims that newly discovered evidence impeaches the victim's mother's account of the defendant's assault and battery on the one year old victim. We disagree for two reasons. First, the evidence is not newly discovered, but rather the statements at issue were made during the investigation that led to the defendant being charged, and were therefore available to him at the time of his plea. Second, even if some of the evidence could not have been known at that prior time, newly discovered evidence that "tends merely to impeach the credibility of a witness will not ordinarily be the basis of a new trial." Commonwealth v. Sullivan, 478 Mass. 369, 383 (2017), quoting Commonwealth v. Lo, 428 Mass. 45, 53 (1998). The existence of some theoretical means of impeaching the victim's mother regarding details of the assault and battery that she witnessed is not a sufficient ground to invalidate a plea that the defendant knowingly and voluntarily entered.
Order denying motion to withdraw guilty plea and for new trial affirmed.